UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KATHY FROST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV01571 AGF |
| | ) | |
| NATIONAL RAILROAD PASSENGER | ) | |
| CORPORATION (AMTRAK), | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant National Railroad Passenger Corp. (AMTRAK), to transfer the case pursuant to 28 U.S.C. § 1404(a), to the Northern District of Indiana or the District of Kansas.[1] For the reasons set forth below, this motion shall be granted.

## BACKGROUND

Plaintiff, a resident of Overland Park, Kansas, alleges that she was injured on December 19, 2004, approximately 50 miles east of Chicago, Illinois, while riding as a passenger on Defendant's train going from Cleveland, Ohio, to Overland Park. She claims that her injuries were caused by Defendant's negligence. Plaintiff, whose attorney is located in St. Louis, Missouri, initially filed this action in the Circuit Court of the City of St. Louis. Defendant removed the action to this Court under 28 U.S.C. § 1331, in that

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

Defendant is owned more than 50 percent by the United States Government, and therefore actions such as this one against it are subject to federal question jurisdiction.

Defendant now seeks to have the action transferred to the United States District Court for the Northern District of Indiana. Defendant asserts that at the location where Plaintiff claims her injury occurred, namely, 50 miles east of Chicago, Defendant's trains operate over the tracks of Norfolk Southern Corporation (Norfolk), within the boundaries of the Northern District of Indiana. Defendant asserts that none of the facts giving rise to this lawsuit occurred in the Eastern District of Missouri, and that none of the fact witnesses for either party are located in this district. Defendant asserts that the only connection between this lawsuit and the Eastern District of Missouri is that Plaintiff's attorney resides here. Alternatively, Defendant seeks transfer of the action to the District of Kansas, Plaintiff's place of residence.

Defendant has submitted an affidavit of its Manager of Claims, who attests that in December 2004, Defendant operated two daily trains westbound from Cleveland to Chicago, and that the on-board service employees on those trains would have been operating from a crew based in either Chicago, Washington, D.C., or New York City. He also attests that the engine service employees who would have been assigned to those trains operated from crews based in Chicago and/or Indiana, Ohio, or Pennsylvania. The Manager of Claims further attests that "it is expected" that engineering and/or operating personnel who might have knowledge regarding Plaintiff's claims would be located in either northern Indiana, or Dearborn, Michigan.

In response, Plaintiff argues that any contention that St. Louis would be a less convenient location for fact witnesses than the two forums suggested by Defendant is just speculative, especially in light of the fact that the potential witnesses mentioned by Defendant reside in multiple states. Plaintiff asserts that her counsel is in St. Louis and that counsel is familiar with Missouri law. She states that the injury "likely occurred in Illinois or Indiana," and she maintains that Defendant has failed to carry its burden of demonstrating that the balance of interests are strongly in its favor.

## DISCUSSION

Title 28 U.S.C. § 1404(a) provides as follows: "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In determining whether to transfer venue, courts engage in a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 695 (8th Cir. 1997).[2] Factors which courts consider under the "convenience" prong include (1) the convenience of the parties, (2) the convenience of the witnesses -- including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) accessibility of records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each state's forum law. "The primary, if not most important,

---

[2] The Court notes that in its response, Plaintiff cites to Missouri state cases, whereas the question before the Court is one of federal law.

of these interests is the convenience of the witnesses." Insituform Techs., Inc. v. Corbitt, 2005 WL 2738374, at *5 (E.D. Mo. Oct. 24, 2005) (citation omitted).

Factors considered under the "interest of justice" prong include (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law. Terra Int'l, Inc., 119 F.3d at 696; Biometics, LLC v. New Womyn, Inc., 112 F. Supp. 2d 869, 875 (E.D. Mo. 2000).

Federal courts generally give "considerable deference to a plaintiff's choice of forum, and thus the party seeking a transfer under § 1404(a) typically bears the burden of proving that a transfer is warranted." Terra Int'l, 119 F.3d at 695. The plaintiff's choice of forum is accorded less weight, however, where it is not the plaintiff's residence and the defendant has had little contact with the chosen forum. Biometics, LLC, 112 F. Supp. 2d at 875; Davidson & Assocs., Inc. v. Internet Gateway, Inc., 2003 WL 23709467, *3 (E.D. Mo. Aug. 1, 2003). The plaintiff's choice of forum is also accorded less weight where the operative events giving rise to the lawsuit took place in another forum. GMAC/Residential Funding Corp. v. The Platinum Co. of Real Estate & Fin. Servs., Inc., 2003 WL 1572007 at *2 (D. Minn. March 13, 2003) (citing 17 Moore's Federal Practice § 111.13[1][c] ) ("a motion to transfer to the district in which the events occurred is likely to succeed"); Road Mach. & Supplies, Co. v. Fed. Signal Corp., 2003 WL 22326577, at *3 (D. Minn. Oct. 7, 2003). "The convenience of the plaintiff's counsel is not entitled to any weight in the analysis." Biometics, LLC, 112 F. Supp. 2d at 876.

4

Upon review of the record, the Court concludes that Defendant has met its burden of establishing that the case should be transferred to the Northern District of Indiana. Plaintiff does not directly dispute that the accident occurred in Indiana. It thus appears that Indiana law will apply to this case. See Brannen v. Nat'l R.R. Passenger Corp., 2005 WL 3455373, at *5 n.2 (D. D.C. Dec. 19, 2005) (in negligence action by passenger against National Railroad Passenger Corporation, the law of the state in which the injury occurred applies; motion to transfer to district court in that forum granted); Sheldon v. Nat'l R.R. Passenger Corp., 355 F. Supp. 2d 174, 181 (D. D.C. 2005) (same). Although Defendant has not named any specific witnesses who will testify for whom Indiana would be a more convenient forum than Missouri, it has identified categories of witnesses likely to be from, in, or near the Northern District of Indiana. Plaintiff has not shown any relevant connection between this action and this forum. Moreover, although Defendant expressed a willingness to litigate the case in the District of Kansas, Plaintiff's home forum, Plaintiff has not requested that forum alternatively or otherwise.

## **CONCLUSION**

The Court concludes that this case should be transferred to the District Court for the Northern District of Indiana where, according to the allegations in the complaint, the injury-causing incident occurred.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to transfer is **GRANTED**. [Doc. #7]

**IT IS FURTHER ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1404(a).

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of January, 2006.